IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIE KEITH OLIVER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-238-Z-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER TO SHOW CAUSE and**
**INSTRUCTIONS TO PARTIES**

**\*\* THIS ORDER MAKES SIGNIFICANT CHANGES TO COURT PROCEDURES IN PLACE BEFORE DECEMBER 15, 2020 IN THIS DIVISION \*\***

**Executive Summary:**

**(1) This Order is designed to assist the *pro se* prisoner Petitioner, who may lack a complete administrative record and possibly cannot afford copies, to better understand what documents are before the Court and appropriately tailor briefing.**
**(2) This Order is also designed to facilitate the Court's review of the record and briefing and enhance efficiency for the Court and all parties.**
**(3) This Order creates a new requirement for a Table of Contents for the complete administrative record and requires the Table of Contents to be served on the *pro se* prisoner Petitioner.**
**(4) This Order requires the filing of the complete state administrative record BEFORE briefing deadlines and changes how records must be cited in briefing.**

A petition for a writ of habeas corpus has been filed in this Court under the provisions of 28 U.S.C. § 2254, et seq. **As the Court has recently determined that the decision-making process may be improved by certain changes in procedure, please review this Order carefully—particularly the language in bold—and comply with all instructions set forth herein. Filing of a non-compliant motion may result in the document being struck from the record.**

Pleadings and briefs are required and/or permitted as laid out by this Order.

ADMINISTRATIVE RECORD:   Respondent is directed to file the *complete* administrative record **within 70 days after entry of this Order**. Even if filing a preliminary answer in lieu, or in addition to, an answer on the merits of the petition, a complete administrative record must be filed with the Court.

**Along with the administrative record, the Respondent shall file a preceding "Table of Contents," identifying the documents contained in the administrative record by full name (e.g., Judgment of Conviction in Cause No. xxx; Petition for Discretionary Review, Cause No. xxx; 11.07 Writ in Cause No. xxx; Motion for Reconsideration in Cause No. xxx). The Respondent must serve a copy of the Table of Contents to the administrative record on the *pro se* prisoner Petitioner.**

CITATIONS TO THE ADMINISTRATIVE RECORD IN BRIEFING:   **A *pro se* prisoner is not entitled to free copies of the complete administrative record pursuant to Fifth Circuit precedent. *Deem v. Devasto*, 140 F. App'x 574, 575 (5th Cir. 2005) ("[T]here is no constitutional mandate that a habeas petitioner must be provided a free copy of his state habeas trial record."). However, as required by Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Respondent must continue to serve the Appendix, outlined by this Order, on the Petitioner. Despite the requirement to continue to file the Appendix, citations to the administrative record <u>in the Respondent's briefing</u> shall include the full name of the referenced document (as identified by the Table of Contents to the administrative record), but shall cite directly to the complete administrative record, not directly to the Appendix (although a secondary citation to the Appendix as well is permitted). Through this procedure, the Petitioner can identify the relevant documents before the Court—both referenced by the Respondent and those only contained in the complete administrative record—and is therefore provided a more complete understanding of the Respondent's briefing so as to formulate an appropriate reply.**

**As evidenced by the deadlines and reasoning above, the administrative record <u>must</u> be filed in ADVANCE of any briefing, and citations to the administrative record <u>by the Respondent</u> must be to the ECF document and page number (e.g., ECF No. XX, page XX), not to the Appendix or to any bates numbering on the administrative record. Only in this manner may all documents referenced in the Court's opinion(s) be transparent to both parties and more readily facilitate the Court's review of the complete record.**

**The Petitioner, when citing to records, must also identify documents by the full name of the document (identified in the Table of Contents) but need not cite directly to the ECF document and page number in briefing, as a copy of the complete administrative record is not available at no cost to the prisoner. Petitioner should not send state court records to the Court unless s/he has a personal copy for her/his own records *and* s/he believes the document is absent from the administrative record because it is not listed in the Table of Contents, because the Respondent must provide the complete administrative record to the Court, including state writs, judgments, transcripts, etc.**

Cases from other districts and circuits should be cited only in conjunction with relevant cases from this circuit or district or when no binding authority on point exists in this circuit.

RESPONDENT'S ANSWER:   Respondent is directed to answer this petition **within 90 days after entry of this Order**, answering in substance as required by Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Any argument for dismissal of a delayed, abusive, successive, or time barred application, or for failure to exhaust state court remedies, may be made in a preliminary answer or dispositive motion in lieu, or in addition to, an answer of a substantive answer on the merits.

**Note on the "Appendix" of documents from the administrative record:**   Under Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent shall designate as exhibits any portion of the state court records on which Respondent relies (*i.e.*, cites) in the answer, preliminary answer, or dispositive motion and shall include such exhibits in a separate Appendix filed simultaneously with the answer, preliminary answer, or dispositive motion.

A copy of Respondent's answer, preliminary answer, or dispositive motion, together with the Appendix containing only the above-mentioned exhibits, shall be served on Petitioner (**along with the Table of Contents to the complete administrative record as outlined above**) by mailing such instruments to him at the address set out in the petition or to Petitioner's attorney of record, if any, and **a certificate shall be filed with the United States District Clerk evidencing such service**.

PETITIONER'S REPLY/RESPONSE:   A reply to Respondent's answer or preliminary answer or a response to any other dispositive motion is not required. However, if Petitioner wishes to file a reply or response, he shall do so **within 28 days of service of Respondent's answer, preliminary answer, or dispositive motion**. Any reply or response must be limited to the arguments raised by Respondent and shall not, under any circumstances, include any new allegations of fact or advance any new grounds for relief.

MOTIONS:   Unless otherwise directed by the Court, motion practice is controlled by Local Rules 5.1 and 7.1. Each motion for relief must be clearly identified in its title and must be filed with the Clerk. Any response to a motion must be filed **within 21 days from the date the motion is filed**. A party who files a motion may file a reply **within 14 days from the date the response is filed**. Unless otherwise directed by the Court, oral argument on a motion will not be held.

**Note on Motions**:   The Court will enter an order for an evidentiary hearing if it determines a hearing is needed after review of the parties' briefing. Parties may address any need for an evidentiary hearing in their briefing but should not file separate motions for evidentiary hearings. Additionally, motions for summary judgment are discouraged and do not facilitate the timely disposition of habeas cases before the Court.

SERVICE:   The Clerk shall serve Respondent by electronically serving copies of all pleadings upon the Attorney General of Texas, legal counsel for Respondent. *See* Fed. R. Civ. P. 5(b)(2)(E). Service shall be directed to the attention of the Criminal Appeals Division, Texas Attorney General's Office, Austin, Texas. The Clerk shall mail a copy of each Order and/or

Judgment issued by the Court to Petitioner and electronically serve Respondent's counsel of record, if any.

    IT IS SO ORDERED.

    ENTERED December 17, 2020.

                                                                 *Lee Ann Reno*
                                                                 LEE ANN RENO
                                                                 UNITED STATES MAGISTRATE JUDGE