IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIE KEITH OLIVER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-238-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is a *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner WILLIE KEITH OLIVER challenging the constitutional legality or validity of his continued incarceration. (ECF 3). For the following reasons, Petitioner's habeas application should be DISMISSED.

I. STATEMENT OF THE CASE

Petitioner is lawfully incarcerated by the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") pursuant to convictions for one count of aggravated assault and one count of family violence assault originating in Bexar County, Texas in case number 2014CR7611. (ECF 16 at 3). After pleading *nolo contendere*, Petitioner was sentenced to 10 years imprisonment on March 16, 2015. (*Id.*).

On October 16, 2020, Petitioner commenced the instant action while incarcerated in TDCJ – Neal Unit.[1]

---

[1] TDCJ records indicate Petitioner is now incarcerated in TDCJ Michael Unit.

## II. PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States because, by virtue of a combination of his "good time" and "work time" credits with his actual time served, he has completed his sentenced and should be released. (ECF 3 at 6).

In response to Question 23 of the Complaint, Petitioner states that he has not presented this claim to any other court.[2]  (*Id.* at 10).

## III. EXHAUSTION OF STATE COURT REMEDIES

Federal statute provides:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i)  there is an absence of available State corrective process; or

    (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

(2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)  . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c).    The exhaustion doctrine set forth in section 2254 requires that the state

---

[2] This is confirmed by Texas Court of Criminal Appeals records, which reflect a challenge by Petitioner of his conviction, but not any other matter.

courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted).

To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present **each** constitutional claim he wishes to assert in his federal habeas petition to the **highest** state court in a procedurally proper manner. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). In the State of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court that has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (2019). Claims may be presented to that court on collateral review through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (2019), or on direct appeal by a petition for discretionary review.

As noted above, in response to Question 23, Petitioner acknowledges he has not filed a petition for a <u>state</u> writ of habeas corpus under article 11.07 of the Texas Code of Criminal

Procedure challenging his continued incarceration. Based upon that answer, and the Court's confirmation of same with Texas judicial records, Petitioner has not afforded the highest state court the opportunity to address his claim. For that reason, it is deficient.

Accordingly, as the record now exists, the instant federal habeas petition must be dismissed for failure to exhaust.

## IV. RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner WILLIE KEITH OLIVER be DISMISSED.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED December 12, 2022.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation.   In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.   Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).   **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.   *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."   Objecting parties shall file the written objections

with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).